UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PLAYMORE INC., PUBLISHERS                                   :
                                                            :   Case No.: 07 CV 3057
                       Plaintiff,                           :   (LBS)
                                                            :
       v.                                                   :
                                                            :   **AFFIDAVIT OF**
WALDMAN PUBLISHING CORP.,                                   :   **STEPHEN WAGNER**
                                                            :
                       Defendant                            :
                                                            :
------------------------------------------------------------X

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK   )

    STEPHEN WAGNER, being duly sworn, deposes and says:

    1.    I am an attorney admitted to practice law before the courts of the State of New York and a member of Cohen Tauber Spievack & Wagner LLP. I am counsel to Waldman Publishing Corp. ("Waldman") in this matter and I make this affidavit on personal knowledge.

    2.    Plaintiff Playmore Inc., Publishers ("Playmore") served this action, including a motion for a preliminary injunction, on Waldman in the late afternoon of Monday, April 16, 2007. I reviewed the motion papers, which contained three affidavits with numerous attached exhibits as well as a lengthy Memorandum of Law, on Tuesday and met with Waldman on Wednesday.

    3.    I understood from the papers that Playmore claimed that it would be irreparably harmed if this Court did not order Waldman to continue shipping books to Playmore's customers and did not order Waldman to cease informing third parties that Waldman was the 100% owner of various copyrights.

4.    On Wednesday afternoon, I phoned Playmore's counsel and made a proposal to resolve the injunction motion in a manner that would have resolved their perceived irreparable harm.

5.    Playmore's counsel informed me that he would consult with Playmore and get back to me. Given the imminent harm that Playmore claimed it would suffer absent continued shipping by Waldman, I assumed that my proposal would either be accepted by Playmore or, at the very least, Playmore's counsel would promptly get back to me with a counterproposal – particularly in light of Mr. Cohen's allegation that Playmore's goodwill and relationships were being damaged on an hourly basis (Affidavit of Richard B, Cohen, sworn to on April 16, 2007, ¶ 18). Instead, it appeared that Playmore was in no rush to resolve this hourly and irreparable harm.

6.    Playmore's counsel did not contact my office until Thursday evening, after I had left a message for him, and advised my partner Sari Kolatch that Playmore would provide us with a counter proposal but not until Friday. As of 1:40 pm Friday afternoon I have not heard from opposing counsel. Plaintiff's Counsel's failure to act with alacrity belies Plaintiff's claim of imminent harm absent injunctive relief.

_____
STEPHEN WAGNER

Sworn to before me this
20th day of April 2007

_____
Notary Public

YAMUNA BHASKARAN
Notary Public, State of New York
No. 02BH6105184
Qualified in New York County
Commission Expires 02/02/20____