UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

PLAYMORE INC., PUBLISHERS,

                Plaintiff,

   -against-

WALDMAN PUBLISHING CORP.,

                Defendant.

------------------------------------------------X

Case No. 07 CV 3057 (LBS)

**AFFIDAVIT OF
RICHARD E. MILLER, ESQ.**

      RICHARD MILLER, ESQ., being first duly sworn, deposes and says:

      1.    I am an attorney admitted to practice law before the courts of the State of New York, formerly a member of Kurzman Karelsen & Frank, LLP and its managing partner, and currently Of Counsel to that Firm. I make this affidavit on personal knowledge except as otherwise indicated.

      2.    My files indicate that beginning in 1987 and continuing for more than 10 years, I acted as Corporate Counsel to Waldman Publishing Corp. ("Waldman") and, in that capacity, was actively involved in many of the affairs of that business. Particularly in 1987, and at intervals thereafter, I had regular meetings and discussions with Waldman's founder and President, Israel Waldman ("Israel"), worked closely with him, and, I believe, was consulted by him on significant legal matters relating to Waldman.

      3.    During that time, all decisions of any significance relating to the operation of Waldman were made solely by Israel; he ran the company in an autocratic manner. Herschel Waldman, Israel's son ("Herschel"), who worked for Waldman, was

182618.1

limited by Israel to the creative end of the business. In my experience, Israel never permitted Herschel to play an important role in any significant decisions for Waldman, and Herschel was certainly not permitted to bind the company. Only Israel made business decisions and could bind the company.

4. I have been shown a copy of a document dated in 1985 and allegedly signed by Herschel, purporting to be an acknowledgment that Waldman and Playmore Inc., Publishers [sic] ("Playmore") "entered into an agreement whereby both parties owned "50% Copyright and Trademark rights." I have no knowledge of that document, and it is inconsistent with services that I performed for Waldman in 1987 and statements made to me regularly by Israel in 1987. As Corporate Counsel working closely with Israel, it is inconceivable to me that neither Israel nor Herschel would have informed me about a document which purports to concede 50% of Waldman's primary asset to another company.

5. In 1987, Israel asked me to assist Waldman in negotiating a written distributorship agreement with Playmore. He advised me repeatedly that Waldman and Playmore had done business together for years without any written agreement of any kind and based upon a handshake between Israel and the President of Playmore, Robert Horwich. I was asked to draft a distributorship agreement consistent with past practice in which the copyright and trademark rights of the Waldman products were owned exclusively by Waldman. Herschel was present during many of these discussions and never said anything about a written agreement to the contrary.

6. I wish to emphasize two points: I was repeatedly advised by Israel in 1987 that there were absolutely no written agreements between Waldman and

Playmore; and the custom and practice of Waldman at that time dictated that any agreement with Robert Horwich of Playmore would have to have been approved and signed by Israel.

_____
RICHARD MILLER

Sworn to before me this 19th day of April 2007

_____
Notary Public

PATRICIA M. BOTTONE
Notary Public, State of New York
No. 01BO4920634
Qualified in Suffolk County
Commission Expires February 16, 20 10

182618.1

3