UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PLAYMORE INC., PUBLISHERS,

                        Plaintiff,

            v.

WALDMAN PUBLISHING CORP.,

                       Defendant.
------------------------------------------------------------X

Case No.: 07 CV 3057 (LBS)

**AFFIDAVIT OF LAURENCE TAUBER**

STATE OF NEW YORK    )
                                  ss:
COUNTY OF NEW YORK    )

    Laurence Tauber, being duly sworn, deposes and says:

    1.    I am a member of Cohen Tauber Spievack and Wagner LLP ("CTSW") attorneys for Waldman Publishing Corp. I submit this affidavit in opposition to Playmore Inc. Publishers ("Playmore") motion for a preliminary injunction. I have personal knowledge of the facts set forth herein.

    2.    CTSW represents Waldman with regard to its business relationship with Playmore.

    3.    On March 25, 2007, I received a letter from Playmore's attorney, Richard Cohen, of Fox Rothchild LLP. In the letter, Mr. Cohen referred to a "1985 written agreement" between the parties. Attached as Exhibit 1 is a redacted copy of Mr. Cohen's March 25th letter[1].

---

[1] References to any settlement proposals have been redacted.

4. By way of email dated March 27, 2007, I informed Mr. Cohen that we were reviewing his letter and that "I would be most appreciative if [he] could forward a copy of the 1985 agreement which I have not seen."

5. Mr. Cohen responded to me by way of email later that same day and informed me that "[e]ngaging in discovery at this point is not warranted, nor a useful expenditure of time and resources," and that his client did "not wish to engage in a unilateral document production." Attached as Exhibit 2 is a true and accurate copy of my March 27th email to Mr. Cohen and his response.

6. On April 2, 2007, Mr. Cohen sent me another email, which again made reference to a 1985 agreement. Attached as Exhibit 3 is true and accurate copy of Mr. Cohen's April 2nd email.

7. On April 5, 2007, I emailed Mr. Cohen and advised him that Waldman had spoken to attorneys who representing it in the 1980s, and they assured Waldman that no written contract was signed by the parties in 1985. In addition, Waldman had diligently searched its records and found no copies of *any* written agreement. I further advised Mr. Cohen that, if Playmore fails to produce such document, it will be assumed that no such contract exists and Waldman would conduct itself accordingly. Attached as Exhibit 4 is a true and accurate copy of my April 5th email to Mr. Cohen.

8. Mr. Cohen never responded to my second request for this purported agreement. The first time that Waldman was provided with a copy of this document was when Playmore served its motion papers.

9. When I finally saw the long awaiting one-paragraph document, I was astounded that Mr. Cohen previously refused to produce it to CTSW and Waldman on the

specious claim that he did not want to expend time or resources. In these modern technological times, it would have taken less than 60 seconds for Mr. Cohen to have produced the document via facsimile or email. His unwillingness to do so is even more puzzling in the light of the fact that Playmore claims that this document provides it with substantial intellectual property rights with regard to Waldman's Product. If Playmore and its counsel were so confident that this document bestows upon it such significant rights, it seems to me that it would have eagerly produced it to Waldman in an effort to avoid the supposed irreparable harm for which it now seeks injunctive relief. Its refusal to do so casts an even darker shadow on this already suspect document.

_____
LAURENCE TAUBER

Sworn to before me this
20th day of April 2007

_____
Notary Public

**YAMUNA BHASKARAN**
**Notary Public, State of New York**
No. 02BH6105184
Qualified in New York County
Commission Expires 02/02/20__